IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

v.   //   CRIMINAL ACTION NO. 1:12CR19
                   (Judge Keeley)

**JAMES ROBERT HURST,**

      **Defendant.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the defendant James Robert Hurst's ("Hurst") motion to suppress all evidence obtained as a result of a search conducted on August 15, 2011. For the reasons that follow, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation in its entirety (dkt. no. 29) and **DENIES** the motion to suppress (dkt. no. 16).

### I.

On May 10, 2012, Hurst filed a motion to suppress all evidence in this case obtained during a search of his home at 2695 Meathouse Fork Road, New Milton, West Virginia on August 15, 2011. After the Court referred the motion to United States Magistrate Judge John S. Kaull, the Magistrate Judge held an evidentiary hearing on June 22, 2012. That same day, he issued a Report and Recommendation/Opinion Denying Motion to Suppress ("R&R") recommending that the Court deny the motion. Hurst filed his objections to the R&R on July 6, 2012,

challenging the Magistrate Judge's conclusion that the "good faith" exception under United States v. Leon applies to this case because the officer's reliance on a search warrant issued by Doddridge County Magistrate Jamie Lou Moran was "objectively reasonable." 468 U.S. 897, 922 (1984). The matter is now fully briefed and ripe for consideration.

## II.

In reviewing a magistrate judge's R&R, the Court reviews de novo any portions of the R&R to which a specific objection is made, 28 U.S.C. § 636(b)(1), but may adopt, without explanation, any of the magistrate judge's recommendations to which no objections are filed. See Thomas v. Arn, 474 U.S. 140, 150 (1985); Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003). A failure to file specific objections "waives appellate review of both factual and legal questions." Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991).

## III.

The Fourth Amendment to the United States Constitution provides that "no warrants shall issue, but upon probable cause, supported by Oath or affirmation." Probable cause exists where, looking at the totality of the circumstances, "a man of reasonable prudence," Ornelas v. United States, 517 U.S. 690, 696 (1996),

would believe that "there is a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983). The duty of a court in reviewing the issuing magistrate's determination of probable cause is limited "to ensur[ing] that the magistrate had a substantial basis for concluding that probable cause existed." United States v. Blauvelt, 638 F.3d 281, 287 (4th Cir. 2011) (internal quotation marks and citations omitted). In doing so, courts are to accord the magistrate's determination "great deference." United States v. Hodge, 354 F.3d 305, 309 (4th Cir. 2004).

Evidence obtained from a search conducted pursuant to a subsequently invalidated warrant need not be excluded if the executing officers' reliance on the warrant was "objectively reasonable." Leon, 468 U.S. at 914-15. The proper test to determine whether the officers' reliance met this threshold is whether, in light of "all the circumstances," a "reasonably well-trained officer would have known that the search was illegal despite the magistrate's authorization." Id. at 922 n.23. An officer's reliance upon a warrant is not reasonable if (1) the issuing magistrate or judge "was misled by information in an affidavit that the affiant knew was false, or would have known was false except for his reckless disregard for the truth," (2) the issuing magistrate or

judge "wholly abandoned his judicial role," (3) the warrant is based on an affidavit "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable," or (4) the warrant "is so facially deficient" that the executing officers could not reasonably presume it valid. Id. at 922.

In determining whether the officers' reliance on a warrant was reasonable, the Court is "not limited to consideration of only the facts appearing on the face of the affidavit." United States v. Perez, 393 F.3d 457, 462 (4th Cir. 2004). Rather, the Court "may consider information conveyed to the magistrate but not contained in the affidavit as well as uncontroverted facts known to the officer but inadvertently not presented to the magistrate." United States v. Brown, No. 11-4957, 2012 WL 1949320, at *2 (4th Cir. May 31, 2012) (citing United States v. McKenzie-Gude, 671 F.3d 452, 460-61 (4th Cir. 2011)); see also United States v. Legg, 18 F.3d 240, 244 n.1 (4th Cir. 1994).

**IV.**

Hurst objects to the R&R on the grounds that the affidavit in this case is so "woefully inadequate" that "it cannot be saved by the Leon 'good faith' exception." (Dkt. No. 32 at 3). Specifically, he argues (1) that the government's informant, Barbra Eakle ("Eakle"), was neither reliable nor sufficiently corroborated; and

(2) that there was no evidentiary nexus between his residence and the particular criminal conduct she described. The defendant thus relies on the third Leon scenario, which "prevents a finding of objective good faith only when an officer's affidavit is 'so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.'" United States v. Bynum, 293 F.3d 192, 195 (4th Cir. 2002) (quoting Leon, 468 U.S. at 923). Notably, this exception requires a showing of probable cause that is "less demanding . . . than the 'substantial basis' threshold required to prove the existence of probable cause in the first place." Id.

The Court is not persuaded by the defendant's argument that there were insufficient indicia of Eakle's reliability. Although Hurst makes much of the fact that Eakle did not specifically identify whether she had first-hand knowledge of the criminal conduct she described, an affidavit can be based on hearsay as long as there is a substantial basis for crediting the hearsay. United States v. Ventresca, 380 U.S. 102, 108 (1965). Furthermore, contrary to Hurst's argument, there is no set requirement that officers corroborate statements through further investigation in order for the statements to be considered credible. United States v. DeQuasie, 373 F.3d 509, 519 (4th Cir. 2004).

Here, the officer who applied for the search warrant, Doddridge County Deputy Tammy Satterfield ("Deputy Satterfield"), originally went to Eakle's home with Child Protective Services ("CPS") to investigate drug usage in front of Eakle's children. Eakle turned over a quantity of marijuana, told the officer that her boyfriend had bought the marijuana from Hurst, her relative, and provided the deputy with directions to Hurst's house. Notably, Deputy Satterfield met with Eakle in person, which gave the officer an "an opportunity to assess [Eakle's] credibility and demeanor and also expose[d] [Eakle] to accountability for making a false statement," factors which distinguish this case from those cited by the defendant involving anonymous tipsters. DeQuasie, 373 F.3d at 523 (citing United States v. Christmas, 222 F.3d 141, 144 (4th Cir. 2000)). Through this face-to-face encounter, Deputy Satterfield was able to evaluate Eakle's veracity as well as learn her name, address, and relationship to Hurst.

Moreover, by turning over the marijuana, Eakle implicated herself in criminal activity and exposed herself to further investigation by CPS, a type of admission which "carr[ies] [its] own indicia of credibility." United States v. Harris, 403 U.S. 573, 583 (1971). Even if Eakle provided this information in the hope that the police or CPS would not take action against her, it "does

not eliminate the residual risk and opprobrium of having admitted criminal conduct." Harris, 403 U.S. at 583-84; see also United States v. Miller, 925 F.2d 695, 699 (4th Cir. 1991) (an informant's personal interest can create "a strong motive to provide accurate information"). The accuracy of her information was further corroborated when, prior to seeking the warrant, Deputy Satterfield discovered that Hurst had a prior conviction for manufacturing marijuana. See United States v. Miller, 925 F.2d 695, 699-700 (4th Cir. 1991) (informant's tip corroborated, in part, because the "officer knew that [the defendant] had been involved in illegal narcotics in the past" based on prior arrest). For these reasons, the information provided by Eakle concerning Hurst's involvement in drug trafficking was not so lacking in indicia of probable cause that belief in its existence was objectively unreasonable.

The Court also rejects the defendant's argument that the affidavit's failure to explicitly correlate his residence with the criminal conduct renders the officers' reliance on the warrant objectively unreasonable. Importantly, "the nexus between the place to be searched and the items to be seized may be established by the nature of the item and the normal inferences of where one would likely keep such evidence." United States v. Anderson, 851 F.2d 727, 729 (4th Cir. 1988). Fourth Circuit precedent permits issuing

7

judges "to make reasonable inferences that people store contraband in their homes." McKenzie-Gude, 671 F.3d at 459 n.2 (citing United States v. Grossman, 400 F.3d 212, 218 (4th Cir. 2005) ("Under these circumstances, it is reasonable to suspect that a drug dealer stores drugs in a home to which he owns a key.")); see also United States v. Williams, 974 F.2d 480, 481 (4th Cir. 1992) ("[T]he magistrate must consider, in the light of all the surrounding circumstances, the likelihood that drug paraphernalia would be found in the motel room of a known drug dealer.")).

Even where the affidavit fails to provide a demonstrated nexus between the location to be searched and the defendant's criminal activity, the Leon good faith exception is still applicable. United States v. Moore, No. 11-4623, 2012 WL 1406253, at *5 (4th Cir. Apr. 24, 2012); see also United States v. Lalor, 996 F.2d 1578, 1583 (4th Cir. 1993)). Given the "reasonable inference[] that people store contraband in their homes," McKenzie-Gude, 671 F.3d at 459 n.2, the officers' good faith belief that Hurst stored his marijuana plants at his residence is not unreasonable. As such, even if the affidavit in this case is deficient for failing to explicitly establish a nexus between the criminal conduct and the defendant's residence, it "is not so lacking in probable cause that

**ORDER ADOPTING REPORT AND RECOMMENDATION**

the officer's reliance on it was objectively unreasonable." Lalor, 996 F.2d at 1583.

Thus, the Court finds that, based on the totality of the circumstances, the officers' reliance on the warrant in this case was objectively reasonable.  Hence, even if probable cause did not exist to support the warrant, the evidence seized during the search of Hurst's residence on August 15, 2011 is admissible based on the Leon good faith exception.

**V.**

For the reasons discussed, the Court **OVERRULES** Hurst's objections, **ADOPTS** the R&R in its entirety (dkt. no. 29), and **DENIES** the motion to suppress (dkt. no. 16).

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to transmit copies of this Order to counsel of record.

DATED: July 30, 2012.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE