# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

v.                                                        Criminal Case No: 1:12cr19

JAMES ROBERT HURST,
                    Defendant.

## OPINION/ REPORT AND RECOMMENDATION CONCERNING
## PLEA OF GUILTY IN FELONY CASE

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, James Robert Hurst, in person and by counsel, Katy J. Cimino, appeared before me on August 29, 2012. The Government appeared by Stephen D. Warner, Assistant United States Attorney.

Thereupon, the Court proceeded with the Rule 11 proceeding by placing Defendant under oath. The Court determined that Defendant would enter a plea of "Guilty" to Count One of the Indictment. The Court then determined that Defendant's plea was pursuant to a written plea agreement, and asked counsel for the Government to summarize the written Plea Agreement. Counsel for the Government then tendered the original to the Court. Defendant stated that the Government's summary of the Plea Agreement was correct. The Court **ORDERED** the written Plea Agreement filed.

The Court thereafter inquired Defendant as to his understanding of his right to have an Article III Judge hear his plea and his willingness to waive that right, and instead have a Magistrate Judge hear his plea. Thereupon, the Court inquired of Defendant concerning his understanding of his right to have an Article III Judge hear the entry of his guilty plea and his understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant thereafter stated in open court that he voluntarily waived his right to have an Article III Judge hear his plea and voluntarily consented to the undersigned Magistrate Judge hearing his plea, and tendered to the Court a written Waiver of Article III Judge and

Consent To Enter Guilty Plea Before the United States Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, James Robert Hurst, only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court. The Court **ORDERED** the written Waiver and Consent filed.

The undersigned then reviewed the charges with Defendant, including the elements the United States would have to prove at trial, charging him with manufacturing 100 or more marijuana plants, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

Defendant thereafter stated in open court he understood and agreed with the terms of the written plea agreement as summarized by the Assistant United States Attorney during the hearing, and that it contained the whole of his agreement with the Government and no promises or representations were made to him by the Government other than those terms contained in the written plea agreement.

The undersigned Magistrate Judge further examined Defendant relative to his knowledgeable and voluntary execution of the written plea bargain agreement signed by him on August 27, 2012, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant.

The undersigned Magistrate Judge further inquired of Defendant, his counsel and the Government and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's

entry of plea of guilty to Count One of the Indictment, the undersigned Magistrate Judge would write the subject Report and Recommendation and tender the same to the District Court Judge, and the undersigned would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court, and only after the District Court had an opportunity to review the subject Report and Recommendation, as well as the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject Defendant's plea of guilty or any recommendation contained within the plea agreement or pre-sentence report.

The Court confirmed the Defendant had received and reviewed the Indictment in this matter with his attorney. The undersigned reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of Count One of the Indictment, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to his competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charges pending against him and understood that the maximum statutory sentence he would be subjected to if convicted of the offenses charged in the Indictment was imprisonment for a term of not less than five (5) but not more than forty (40) years; a fine of not more than $2,000,000.00; both imprisonment and fine; a period of supervised release of at least four (4) years; and a special mandatory assessment of $100.00.

The undersigned Magistrate Judge further examined Defendant with regard to his understanding of the impact of his conditional waiver of his appellate rights as contained in his written plea agreement as follows:

Ct:     Did you and Miss Cimino discuss that you have a right under the law to appeal any conviction and any sentence that the judge imposes against you to the Fourth Circuit Court of Appeals which is located in Richmond, Virginia, and you must do that within 14 days of when Judge Keeley

announces your sentence?

Def: Yes, sir.

Ct: Did you also discuss with Miss Cimino that you may file a motion collaterally attacking and challenging the sentence and how the sentence is being imposed and carried out by the Bureau of Prisons?

Def: Yes, sir, but not if this is accepted, then I couldn't do it, that's part of the agreement.

Ct: I understand. But you understand that you have a right under Title 28 Section 2255 to file a habeas corpus- type motion?

Def: Yes, sir.

Ct: And you understood from that discussion, did you not, that under paragraph 13 of your written agreement, that if Judge Keeley goes along with the binding 5 year sentence set out in paragraph 2 of your agreement, and imposes that as the actual sentence in your case, you give up your right to appeal that sentence to the Fourth Circuit and you give up your right to collaterally attack or challenge that sentence, is that correct?

Def: Yes, sir.

Ct: And you gave up those rights voluntarily and knowingly pursuant to paragraph 13, if Judge Keeley goes along with the binding plea agreement. Is that correct?

Def: Yes, sir.

Through this colloquy the Court determined Defendant understood his appeals rights and voluntarily gave them up pursuant to the condition that the court accepts the agreement.

The undersigned Magistrate Judge further cautioned and examined Defendant under oath concerning all matters mentioned in Rule 11.

Defendant also understood that the parties had reached an agreement regarding an appropriate sentence for the offense charged in Count One, that being imprisonment for a period of five (5) years, with four (4) years supervised release, and a special assessment of $100.00. Defendant further understood that any monetary penalties, fees and/or restitution would be determined by the district court.

The Court inquired of Defendant and determined Defendant also understood that, while the Court may accept, reject or defer its decision, this agreed disposition binds the Court, with respect to the expressly-stated term of imprisonment and supervised release, if and only if the Court accepts the plea agreement; that the District Judge would advise him whether she accepted his plea agreement; and if she did not follow or refused to accept the sentencing provisions set forth in the agreement, he would have the right to withdraw his guilty plea. If Defendant had the right under the above provision to withdraw his guilty plea, and did not do so, the District Judge could then sentence him to any sentence within the statutory maximum earlier addressed.

The undersigned Magistrate Judge inquired of Defendant, his counsel, and the Government as to the non-binding recommendations and stipulation contained in the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in Count One of the Indictment, the undersigned Magistrate Judge would write the subject Report and Recommendation and would order a pre-sentence investigation report be prepared by the probation officer attending the District Court, and only after she had an opportunity to review the pre-sentence investigation report, would the District Judge adjudicate the Defendant guilty of the offense contained in Count One of the Indictment and make a determination as to whether to accept or reject any recommendation or the stipulation contained within the plea agreement or pre-sentence report. The undersigned reiterated to the Defendant that the District Judge may not agree with the recommendations or stipulations contained in the written agreement. The undersigned Magistrate Judge

further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, that in the event the District Judge refused to follow the non-binding recommendations or stipulation contained in the written plea agreement and/or sentenced him to a sentence which was different from that which he expected, he would not be permitted to withdraw his guilty plea. Defendant and his counsel each acknowledged their understanding and Defendant maintained his desire to have his plea of guilty accepted.

Thereupon, Defendant, James Robert Hurst, with the consent of his counsel, Katy J. Cimino, proceeded to enter a plea of **GUILTY** to Count One of the Indictment.

The Court then received the sworn testimony of Doddridge County Sheriff's Deputy Tammy Satterfield, who testified that she obtained and was involved in the execution of a search warrant at Defendant's house on August 15, 2011, after receiving information that Defendant was manufacturing marijuana at his house. Upon entering the house, police found marijuana baking on cookie sheets in the oven, 10 marijuana plants, and 2 pounds of loose marijuana in a baggie under the couch. Defendant made a statement to the Doddridge County Sheriff that he would agree to take the officers on the hillside and show them approximately 100 marijuana plants if they would cut a deal for his girlfriend. The officers obtained a second search warrant on August 16, 2011, and went to the hillside and brought down 76 marijuana plants. Defendant talked to the Sheriff and told him they had not found all the plants. Defendant and two officers went back up the hillside, bringing back an additional 36 plants. There were over 100 plants total. Several were sent to the lab, which confirmed them to be marijuana.

Defendant then stated he heard and understood, but did not agree with all of Deputy Satterfield's testimony, including that he referred to the plants as "his babies;" that he watered them daily; that marijuana plants were found on the floor of the house; and that 2 pounds of marijuana were hidden in a freezer bag under the couch. He also stated that the marijuana plants on "the hillside" were not in his

backyard, but some mile from his house on a gasline right-of-way.

The undersigned then inquired of Defendant whether there were over 100 marijuana plants; whether they were his; whether he put them there and tended them; and whether they were found due to a combination of the search warrant and Defendant's alerting police that they had not found them all. Defendant responded in the affirmative to all the questions.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood his right to have an Article III Judge hear his plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing his plea; Defendant understood the charges against him; Defendant understood the consequences of his plea of guilty; Defendant understood the statutory maximum sentence, and also understood his plea agreement and the binding nature of his plea agreement; He understood the judge would reserve any decision on accepting the binding sentence; Defendant made a knowing and voluntary plea of guilty to Count One of the Indictment; and Defendant's plea is independently supported by the testimony of Deputy Satterfield, which provides, beyond a reasonable doubt, proof of each of the essential elements of the charge to which Defendant pled.

The undersigned Magistrate Judge therefore recommends Defendant's plea of guilty to Count One of the Indictment herein be accepted conditioned upon the Court's receipt and review of this Report and Recommendation.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.  A copy of such

objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Defendant is continued on release pursuant to an Order Setting Conditions of Release previously entered in this matter.

Respectfully submitted this 29th day of August, 2012.


*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE